RECEIVED
WILLIAM T. WALSH, CLERK

2004 MAR -1 P 3:16

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

UNITED STATES DISTRICT COURT

**UNITED STATES COMMODITY FUTURES TRADING COMMISSION,**

**Plaintiff,**

**v.**

**CLEARVIEW CAPITAL MANAGEMENT, INC., and JAMES I. WEISS**

**Defendants.**

**CASE NO. 04-CV-45 (FSH)**

**CONSENT ORDER OF PRELIMINARY INJUNCTION AND ~~OTHIS~~ OTHER EQUITABLE RELIEF AGAINST CLEARVIEW CAPITAL MANAGEMENT, INC.**

On January 8, 2004, the United States Commodity Futures Trading Commission ("CFTC") filed the complaint in this civil action against Clearview Capital Management, Inc. ("Clearview") and James I. Weiss ("Weiss"). The Complaint seeks injunctive and other equitable relief for violations of the antifraud and exchange trading provisions of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* Based upon the attached written consent of Clearview to this Order of Preliminary Injunction and Other Equitable Relief ("Order"), the Court finds, for the

purpose of this Order, that Clearview acknowledges service of the Summons and Complaint in this action, admits to this Court's jurisdiction over it and the subject matter of this action, and admits that venue lies properly with this Court. The Court further finds that Clearview, without admitting or denying the allegations of the Complaint except as to jurisdiction and venue, consents to the entry of this Order. The Court also finds that Clearview's consent to this Order is entered into voluntarily and that no promise or threat has been made by the CFTC or any member, officer, agent, or representative thereof, to induce Clearview to consent to this Order.

Accordingly, this Court finds:

1. This Court has jurisdiction over Clearview and the subject matter of this action pursuant to Sections 6c(a) and 6d of the Act, 7 U.S.C. §§ 13a-1(a) and 13a-2, which authorize the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Clearview is found in, inhabits, or transacts business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

3. Clearview enters his appearance and acknowledges receipt of the Summons and Complaint.

4. Clearview waives the entry of findings of fact and conclusions of law in this action pursuant to Fed. R. Civ. P. 52.

**IT IS THEREFORE ORDERED:**

1. Clearview, its officers, agents, servants, employees, accountants and attorneys, and those persons in active concert or participation with the firm, are enjoined and restrained, until further order of this Court, from directly or indirectly:

> Cheating or defrauding or attempting to cheat or defraud others persons and willfully deceiving or attempting to deceive other persons by making false, deceptive or misleading representations or material facts, by failing to disclose material facts, and by misappropriating customer funds in or in connection with orders to make, or the making of, contracts of sale of commodities for future delivery, made or to be made for or on behalf of any other person in violation of Section 4b(a)(i) and (iii) of the Act, 7 U.S.C. § 6b(a) )(i) and (iii), and CFTC Regulation 1.1(b)(1) and (3), 17 C.F.R. § 1.1(b)(1) and (3).

2. Clearview, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with the firm, are restrained, enjoined, and prohibited from directly or indirectly:

> Destroying, mutilating, concealing, altering, or disposing of, in any manner, or refusing to permit authorized representatives of the CFTC to inspect, when and as requested, any of the books, records, documents, correspondence, brochures, manuals, electronically stored data, tape recordings, or other property of Clearview, wherever situated, including all such records concerning Clearview's activities as they relate to Clearview.

3. The injunctive provisions of this Order shall be binding upon Clearview, upon any person acting in the capacity of agent, servant, employee, accountant or attorney of Clearview, and upon any person insofar as he or she is acting in active concert or participation with Clearview who receives actual notice of this Order by personal service or otherwise.

4. Clearview, its officers, agents, servants, employees, accountants and attorneys, and those persons in active concert or participation with the firm who receive notice of this Order by personal service or otherwise are restrained and enjoined from directly or indirectly

destroying, mutilating, erasing, altering, concealing, withholding, or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or the business or the finances of Clearview.

5. Clearview shall prepare, sign, and file with this Court within thirty (30) days of this Order a complete and accurate summary accounting of all monies assets obtained by the firm as a result of all the activities conducted in the name of the firm.

6. Clearview shall file with the Court, within three (3) days after receipt of this Order, an affidavit acknowledging receipt of this Order.

7. This Order shall remain in effect until further order of this Court, and this Court shall retain jurisdiction over this action to assure compliance with this Order and for all other purposes related to this action.

**SO ORDERED**, at ______________________, New Jersey on this _______ day of February 2003.

______________________________
**FAITH S. HOCHBERG**
**UNITED STATES DISTRICT JUDGE**

Approved for Entry:

James Weiss
______________________________
Clearview Capital Management, Inc.
By James I. Weiss
Managing Director
1275 15th Street, Apt. 19M
Fort Lee, N.J. 07024
Dated: 2/6/04

______________________________
Michael F. Bachner, Esq.
Attorney for the Defendant
Bachner & Herskovits, PC
26 Broadway, Suite 2310
New York, NY 10004

destroying, mutilating, erasing, altering, concealing, withholding, or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or the business or the finances of Clearview.

5. Clearview shall prepare, sign, and file with this Court within thirty (30) days of this Order a complete and accurate summary accounting of all monies assets obtained by the firm as a result of all the activities conducted in the name of the firm.

6. Clearview shall file with the Court, within three (3) days after receipt of this Order, an affidavit acknowledging receipt of this Order.

7. This Order shall remain in effect until further order of this Court, and this Court shall retain jurisdiction over this action to assure compliance with this Order and for all other purposes related to this action.

**SO ORDERED,** at Newark, New Jersey on this 1 day of ~~February~~ March 2003.

**FAITH S. HOCHBERG**
**UNITED STATES DISTRICT JUDGE**

Approved for Entry:

Clearview Capital Management, Inc.
By James I. Weiss
Managing Director
1275 15th Street, Apt. 19M
Fort Lee, N.J. 07024
Dated: 2/6/04

Michael F. Bachner, Esq.
Attorney for the Defendant
Bachner & Herskovits, PC
26 Broadway, Suite 2310
New York, NY 10004